UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT JOHNSON,

Plaintiff,

v.

ARI and TINA MAKINEN,

Defendants.

No. 2:09-CV-796 FCD KJM

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on a motion to dismiss for lack of subject matter jurisdiction filed by defendants Ari and Tina Makinen ("defendants" or "Makinen") pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff Scott Johnson ("plaintiff") opposes the motion.

For the reasons set forth below, defendants' motion to dismiss is DENIED.[1] Under 28 U.S.C. 1367(c), which gives a district court the discretion to decline to exercise supplemental jurisdiction over a state claim in certain circumstances,

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

plaintiff's state law claims do not substantially predominate over his federal claim. Furthermore, pursuant to Ninth Circuit precedent, once an Americans with Disabilities Act ("ADA") plaintiff has encountered or has personal knowledge of at least one barrier related to his disability when he files a complaint, that plaintiff has standing to pursue remedies for *all* barriers in the public accommodation that are related to his specific disability.

## BACKGROUND[2]

Plaintiff is a "person with a disability" with limited use of his legs and hands, requiring a wheelchair for locomotion, and is either unable to use portions of public facilities that are not accessible to disabled persons who require the use of a wheelchair or is only able to use such portions with undue difficulty. (Compl. at 1-2.) Plaintiff is also unable to use inaccessible door handles. (Id. at 2.) The "Lake Tahoe Adventures" recreation business (the "business") is a public accommodation. (Id.) Defendants own the real property where the business is located and operate the business. (Id.)

Plaintiff claims he was denied accessible parking, entrance, and sanitary facilities at the business on February 19 and 20, 2009, and was thereby denied equal protection of the law and civil rights under both California and federal law. (Id.) On February 19, 2009, plaintiff drove to the business to sign up his son and his son's friends for a snowmobile ride. (Id. at 5.) Plaintiff states that there was no accessible parking at the

[2] The court recounts the facts as set forth in plaintiff's complaint.

business's parking lot. (Id. at 4.) The entrance to the business required climbing steps, and was thus inaccessible to people in wheelchairs. (Id.) The restrooms inside the business were likewise inaccessible. (Id.) Plaintiff also states he was required to park in an ordinary parking space lacking an access aisle. (Id. at 5.) Because plaintiff could not enter the business, he was required to transact his business in the parking lot and also could not access the restroom. (Id.) On February 20, 2009, plaintiff returned to the business for his son's and his son's friends' snowmobile rides. (Id.) At that time, plaintiff encountered the same barriers as the previous day. (Id.)

Plaintiff contends that defendants' failure to remove all readily achievable barriers, to institute policies in furtherance of accessibility, or to use an alternate policy to enable plaintiff to use the goods and services offered to the non-disabled public without suffering indignities was a violation of the California Building Code, the Americans with Disabilities Act and federal regulations, and California Civil Code §§ 51 and 54 (also known as the "Unruh Act"). (Id.)

Plaintiff's first claim for relief is pursuant to the Unruh Act, under which plaintiff seeks injunctive relief to prohibit the acts and omissions by defendants at the business, which wrongfully exclude plaintiff and others from using the business. (Id.) Plaintiff claims that these acts and omissions are the cause of humiliation and mental and emotional suffering. (Id. at 5-6.) Plaintiff claims that as long as such acts and omissions continue, he is unable to achieve equal access to and use of this

public facility, and defendants' acts have proximately caused and will continue to cause irreparable injury to plaintiff if not enjoined by the court. (Id. at 6.) For the same reasons, plaintiff seeks actual damages and attorney's fees and costs. (Id. at 6-7.)[3]

Plaintiff's second claim for relief arises out of defendants' alleged violation of the Americans with Disabilities Act. Plaintiff claims that the removal of each of the barriers previously alleged was "readily achievable" under the standards of the ADA. (Id. at 9.) Plaintiff contends that because the business was not accessible, defendants had an obligation to have a plan which would have allowed plaintiff to enjoy the business' goods and services without having to suffer the aforementioned indignities. (Id.) Pursuant to the § 308 of the ADA, plaintiff claims he is entitled to the remedies and procedures set forth in § 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a).

**STANDARD**[4]

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may by motion raise the defense that the court

---

[3] The court notes that in his opposition to the defendants' motion to dismiss, plaintiff states that he has filed a waiver limiting himself to a maximum of $4,000 in statutory damages, and thus, plaintiff argues that the damages claim does not predominate over his federal claim. (See Pl.'s Opp. To Def.'s Mot. To Dismiss at 2.) The court finds this an improper method of amending the complaint under FRCP Rule 15, and thus grants plaintiff ten days to properly submit an amended complaint to the court to reflect his reduced claim for damages.

[4] The court notes that although defendants indicate that their motion to dismiss is made pursuant to FRCP 12(b)(1) ("lack of subject matter jurisdiction") and FRCP 12(b)(6) ("failure to state a claim upon which relief can be granted"), both of defendants' arguments for dismissal are made with regard to lack of subject matter jurisdiction.

lacks "jurisdiction over the subject matter" of a claim. Fed. R. Civ. P. 12(b)(1). It is well established that the party seeking to invoke the jurisdiction of the federal court bears the burden of establishing the court's subject matter jurisdiction. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

On a motion to dismiss pursuant to Rule 12(b)(1), the standards the court is to apply vary according to the nature of the jurisdictional challenge. A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of jurisdiction contained in the complaint as insufficient on their face to demonstrate the existence of jurisdiction ("facial attack"), or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact ("factual attack"). Thornhill Publishing Co. v. General Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

**ANALYSIS**

Defendants move to dismiss plaintiff's state claim in full and plaintiff's federal claim in part for lack of subject matter jurisdiction. Specifically, defendants contend that the allegations in the complaint are insufficient to demonstrate jurisdiction.

**A. Supplemental Jurisdiction**

Defendants contend that under § 1367(c)(2), which allows a district court to decline to exercise supplemental jurisdiction over a state claim if "the claim substantially predominates over the claim or claims over which the district court has original

jurisdiction," the court should not exercise supplemental jurisdiction over plaintiff's Unruh Act claims. Specifically, defendants contend that in order to recover, plaintiff must prove "intentional discrimination," a burden of proof which, in conjunction with the damages sought pursuant to the Unruh Act, substantially predominates over the ADA claim.

Under 28 U.S.C. § 1367, where a district court has original jurisdiction over a claim, it also has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367. A state claim is part of the same "case or controversy" as a federal claim when the two "derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." Kuba v. 1-A Agr. Ass'n, 387 F.3d 850, 855 (9th Cir. 2004). "[U]nless a court properly invokes a section 1367(c) category exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted." Executive Software N. Am., Inc. v. U.S. Dist. Court for Cent., 24 F.3d 1545, 1556 (9th Cir. 1994).

"Courts in this circuit have declined to exercise supplemental jurisdiction over state law claims that predominate over federal claims in instances when a plaintiff abandons his federal ADA claims, or a plaintiff's request for injunctive relief subsequently becomes moot, or a plaintiff's numerous state law claims outnumber a solitary federal claim under the ADA, or when plaintiff's federal claims are dismissed before trial." Johnson v. Barlow, No. CIV. S-06-01150 WBS GGH, 2007 U.S. Dist.

LEXIS 44855 at *11 (E.D. Cal. June 9, 2007) (citations omitted). However, none of those concerns are implicated in a case where plaintiff has one state claim and one federal claim, and both are still viable. Id. Even where a plaintiff's state law claim for damages is a driving force behind the action, this fact alone does not mean that the state law claim predominates over the federal claim, as this "would effectively preclude a district court from ever asserting supplemental jurisdiction over a state law claim under the Unruh Act." Id. at *12; see also Chavez v. Suzuki, No. 05cv1569 BTM (BLM), 2005 U.S. Dist. LEXIS 40092 at *5 (S.D. Cal. Nov. 30, 2005) (holding that the mere fact that the state claims allow for the recovery of monetary damages, whereas the ADA provides for injunctive relief only, does not compel the conclusion that the state claims "substantially predominate" over the federal claim); Wilson v. PFS LLC, No. 06CV1046 WQH (NLS), 2006 U.S. Dist. LEXIS 94468 at *16 (S.D. Cal. Nov. 2, 2006) (same).[5]

/////

[5] The court notes that other California district courts have found that because the Unruh Act provides for damages, whereas the ADA provides only for injunctive relief, a plaintiff's state law claim substantially predominates over the ADA for purposes of 28 U.S.C. 1367(c)(2). See Feezor v. Tesstab Operations Group, Inc., 524 F. Supp. 2d 1222, 1224 (S.D. Cal. 2007); Org. for the Advancement of Minorities with Disabilities v. Brick Oven Rest., 406 F. Supp. 2d 1120 (S.D. Cal. 2005); Pinnock v. Safino Designs, Inc., No. 06cv1707-L (WMC), 2007 U.S. Dist. LEXIS 63374 (S.D. Cal. Aug. 28, 2007). Nevertheless, the court finds that because the burdens of proof and standards of liability under the ADA and the Unruh Act are the same where the Unruh claim is predicated on an ADA violation, the mere differences in relief between the ADA and the Unruh Act do not warrant dismissal under section 1367(c)(2). This is particularly true where, as in this case, plaintiff has limited the monetary damages sought.

Furthermore, a plaintiff who seeks damages under Civil Code § 52, claiming the denial of full and equal treatment on the basis of disability in violation of the Unruh Civil Rights Act (Civil Code § 51) and the ADA (42 U.S.C. § 12101) need not prove intentional discrimination. Munson v. Del Taco, No. S162818, 2009 Cal. LEXIS 5183 (June 11, 2009). In Munson, the California Supreme Court held that based on the language, statutory context, and legislative history of Civil Code § 51(f), a plaintiff who establishes a violation of the ADA need not prove intentional discrimination in order to obtain damages under § 52. Munson, 2009 Cal. LEXIS 5183 at *4. In so holding, the court followed the Ninth Circuit decision of Lentini v. California Center for the Arts,370 F.3d 837, 846-47 (9th Cir. 2004), which held that § 51(f) added ADA violations, whether or not involving intentional discrimination, to the class of discriminatory acts remediable under the Unruh Act. The California Supreme Court also explicitly declined to follow Gunther v. Lin, 144 Cal. App. 4th 223 (2006), a California Court of Appeals case that held an unintentional violation of the ADA was not remediable under § 52. Id. Thus, under Munson, a plaintiff proceeding under Civil Code § 51 may obtain statutory damages on proof of an ADA access violation without having to demonstrate that the discrimination was intentional. Id. at *16-17.

In this case, plaintiff pursues a state claim under the Unruh Act and a federal claim under the ADA. In pursuing these claims, plaintiff relies on his alleged discriminatory experiences on February 19 and 20, 2009. Plaintiff has not abandoned either claim, his request for injunctive relief has not

become moot, his federal claim is not outnumbered by his state law claim, and his federal claim has not been dismissed. In short, none of the concerns implicated by previous courts that have declined to exercise supplemental jurisdiction are implicated here. Moreover, plaintiff has sought to limit statutory monetary damage to a maximum of $4,000.

Furthermore, defendants' statement that plaintiff must prove intentional discrimination under the Unruh Act is simply wrong. Under Munson, the level of proof required for a state claim arising under the Unruh Act and a federal claim arising under the ADA is the same; both merely require proof of discrimination, regardless of the alleged defendants' intent. See Munson, 2009 Cal. LEXIS 5183 at *1.

Accordingly, because plaintiff's state law claim does not predominate over his federal law claim, defendants' motion to dismiss plaintiff's state law claim under § 1367(c) is DENIED.

**B. Standing**

Defendants also contend that because plaintiff was not personally denied his right of access to the restrooms located inside the business, he has not shown that he suffered an "injury in fact" and therefore, the portion of his ADA claim relating to denial of access to restrooms must be dismissed for lack of subject matter jurisdiction under FRCP 12(b)(1).

To establish Article III standing for injunctive relief, the Supreme Court has established a three-element test: (1) the plaintiff must have suffered an "injury in fact," or an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural of

hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Doran v. 7-Eleven, 524 F.3d 1034, 1039 (9th Cir. 2008) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)). With respect to the injury in fact prong of the Article III standing test, the Ninth Circuit has held that for an injury to be "concrete and particularized," an ADA plaintiff need only state that he is currently deterred from attempting to gain access to the structure. Id. at 1040. As to the requirement that a plaintiff's injury be "actual or imminent," the Ninth Circuit has held "that a disabled individual who is currently deterred from patronizing a public accommodation due to a defendant's failure to comply with the ADA has suffered 'actual injury.' Similarly, a plaintiff who is threatened with harm in the future because of existing or imminently threatened non-compliance with the ADA suffers 'imminent injury.'" Id. (citing Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133 (9th Cir. 2002)).

Furthermore, an ADA plaintiff who has encountered or has personal knowledge of at least one barrier related to his or her disability when he files a complaint and who has been deterred from attempting to gain access to the public accommodation because of that barrier, has suffered an injury in fact for the purpose of Article III. Doran, 524 F.3d at 1043-44. Thus, an ADA plaintiff who has Article III standing as a result of at least one barrier at a place of public accommodation may, in one suit, permissibly challenge *all* barriers in that public

accommodation that are related to his or her specific disability.[6] Id.; see also Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1138 (9th Cir. 2002) (holding that a plaintiff need not necessarily have personally encountered all the barriers that bar access in order to seek an injunction to remove those barriers); Steger v. Franco, Inc., 228 F.3d 889 (8th Cir. 2000) (holding that pursuant to the ADA's language and policy, a plaintiff need not have personally encountered all barriers in order to seek an injunction to remove those barriers); Wilson v. Pier 1 Imps., Inc., 413 F. Supp. 2d 1130 (E.D. Cal. 2006) (holding that a plaintiff suffered an injury in fact even as to illegal barriers that he did not encounter himself and of which he was not aware until his expert visited the store).

In Doran v. 7-Eleven, the Ninth Circuit held that a plaintiff had standing to challenge other barriers related to his disability and identified in his expert's inspection, even though the plaintiff had neither encountered nor had personal knowledge of these barriers. Doran, 524 F.3d at 1042. Indeed, although in that case the plaintiff did not find out about the additional barriers until his expert discovered them during discovery, the Ninth Circuit found that it would be "ironic if not perverse to charge that the natural consequence of this deterrence, the inability to personally discover additional facts about the defendant's violations, would defeat that plaintiff's standing to

---

[6] The court notes that nothing in this order precludes defendants from reasserting arguments relating to standing at a later stage in the litigation.

challenge other violations at the same location that subsequently came to light." Id. The court further noted that to hold otherwise would result in "piecemeal compliance" with the ADA, where numerous plaintiffs, each injured by a different barrier, would have to seek injunctive relief as to the particular barrier encountered until all barriers had been removed. Id. at 1045 (citing Steger v. Franco, Inc., 228 F.3d 889 (8th Cir. 2000)).

In this case, defendants do not contend that plaintiff did not experience any "injury in fact"; rather, defendants ask the court to dismiss the part of the claim relating to the restrooms, arguing that plaintiff lacks standing to bring that claim because he did not experience that barrier personally. However, under Doran, because plaintiff alleges he personally experienced a barrier to accessing defendants' business that deterred him from conducting business and from frequenting the business in the future, plaintiff need not have personally experienced other barriers in order to assert them in his claim. See Doran, 524 F.3d at 1047. As long as the additional access barriers are related to plaintiff's specific disability, he may assert them in the same case. Id.

The court notes that in Chapman v. Pier 1 Imports, No. 07-16326 (9th Cir. June 29, 2009), the court held that plaintiff did not have standing to pursue unencountered barriers under the prudential standing doctrine, because the barriers plaintiff encountered did not deter him from visiting the store. However, that decision is distinguishable from the current case because, in reviewing the district court's denial of summary judgment, the Chapman court relied on the plaintiff's deposition testimony, in

which he admitted that he was not deterred from visiting the store or using the restroom and indicated he would visit the store again; indeed, the Chapman court observed that the barriers presented so little problem to the plaintiff that he could not remember whether he had already re-visited the store. Id. As such, the court concluded that plaintiff was not deterred from attempting to gain access to the store because of the encountered barriers. Id. In contrast, here the plaintiff alleges that he was deterred from gaining entrance to the store and had to conduct his business transactions in the parking lot. Id. At this stage in the litigation and in response to a facial attack on jurisdiction, the court cannot find that plaintiff does not have standing to challenge access to the restrooms at defendants' business.

Accordingly, because under binding Ninth Circuit precedent a plaintiff may assert access barriers relevant to his specific disability beyond those he personally encountered, defendants' motion to dismiss for lack of subject matter jurisdiction under FRCP 12(b)(1) is DENIED.

**CONCLUSION**

For the foregoing reasons, defendants' motion to dismiss pursuant to FRCP 12(b)(1) is DENIED. The court grants plaintiff ten days to submit an amended complaint to the court reflect his reduced claim for damages.

/////

/////

/////

/////

IT IS SO ORDERED.

DATED: July 14, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE